UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

BRANDEIS UNIVERSITY, et al.,

Plaintiffs,

Case No: 3:11-CV-619-bbc

vs.

EAST SIDE OVENS, INC.,et al.,

Defendants.

***ANSWER AND AFFIRMATIVE DEFENSES OF EAST SIDE OVENS, INC. TO PLAINTIFFS' COMPLAINT***

**Answer**

THE DEFENDANT, East Side Ovens, Inc., by its attorney, Michael T. Hopkins, as and for an Answer to the Complaint of Plaintiffs, Brandeis University and GFA Brands, Inc., admits, denies and alleges to the Court as follows, to wit:

1. In answer to paragraph 1, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

2. In answer to paragraph 2, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

3. In answer to paragraph 3, Defendant admits the allegations contained therein.

4. In answer to paragraph 4, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

5. In answer to paragraph 5, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

6. In answer to paragraph 6, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

7. In answer to paragraph 7, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

8. In answer to paragraph 8, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

9. In answer to paragraph 9, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

10. In answer to paragraph 10, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

11. In answer to paragraph 11, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

12. In answer to paragraph 12, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

13. In answer to paragraph 13, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

14. In answer to paragraph 14, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

15. In answer to paragraph 15, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

16. In answer to paragraph 16, Defendant admits the allegations contained therein.

17. In answer to paragraph 17, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

18. In answer to paragraph 18, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

19. In answer to paragraph 19, Defendant realleges and incorporates, as if fully set forth herein, each and avery admission, denial and allegation contained in paragraphs 1 through 18, supra.

20. In answer to paragraph 20, Defendant denies that United States Patent No. 5,843,497 ("the '497 Patent") is entitled "Increasing the HDL Level in the HDL/LDL Ratio in Human Serum by Balancing Saturated and Polyunsaturated Dietary Fatty Acids," and affirmatively alleges that the '497 patent is entitled "INCREASING THE HDL LEVEL AND THE HDL/LDL RATIO IN HUMAN SERUM BY BALANCING SATURATED AND POLYUNSATURATED DIETARY FATTY ACIDS;" further, Defendant admits that the '497 patent was issued on December 1, 1998; that with regard to the remaining allegations of paragraph 20, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

21. In answer to paragraph 21, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

22. In answer to paragraph 22, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

23. In answer to paragraph 23, Defendant denies that United States Patent No. 6,630,192 ("the '192 Patent") is entitled "Increasing the HDL Level in the HDL/LDL Ratio in Human Serum by Balancing Saturated and Polyunsaturated Dietary Fatty Acids," and affirmatively alleges that the '192 patent is entitled "INCREASING THE HDL LEVEL AND THE HDL/LDL

RATIO IN HUMAN SERUM BY BALANCING SATURATED AND POLYUNSATURATED DIETARY FATTY ACIDS;" further, Defendant admits that the '192 patent was issued on October 7, 2003, and also admits that an Ex Parte Reexamination Certificate was issued on September 19, 2006; that with regard to the remaining allegations of paragraph 23, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

24. In answer to paragraph 24, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

25. In answer to paragraph 25, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

26. In answer to paragraph 26, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

27. In answer to paragraph 27, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

28. In answer to paragraph 28, Defendant denies that it has infringed either the '497 or the '192 patent, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 28, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

29. In answer to paragraph 29, Defendant denies that it has infringed either the '497 or the '192 patent, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 29, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

30. In answer to paragraph 30, Defendant denies it has caused Plaintiffs damages, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 30, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

31. In answer to paragraph 31, Defendant realleges and incorporates, as if fully set forth herein, each and avery admission, denial and allegation contained in paragraphs 1 through 30, supra.

32. In answer to paragraph 32, Defendant denies each and every allegation contained therein.

33. In answer to paragraph 33, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

34. In answer to paragraph 34, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

35. In answer to paragraph 35, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

36. In answer to paragraph 36, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

37. In answer to paragraph 37, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

38. In answer to paragraph 38, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

39. In answer to paragraph 39, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

40. In answer to paragraph 40, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

41. In answer to paragraph 41, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

42. In answer to paragraph 42, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

43. In answer to paragraph 43, Defendant denies Plaintiffs provided it with actual or constructive notice of its alleged infringement, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 43, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

44. In answer to paragraph 44, Defendant denies it has engaged in any infringing activity, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 44, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

45. In answer to paragraph 45, Defendant denies it has engaged in any conduct which is subject to being enjoined, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 45, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

46. In answer to paragraph 46, Defendant denies it has infringed either of Plaintiffs' patents, as alleged therein or otherwise, and further denies it has caused Plaintiffs damages, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 46, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

47. In answer to paragraph 47, Defendant realleges and incorporates, as if fully set forth herein, each and avery admission, denial and allegation contained in paragraphs 1 through 30, supra.

48. In answer to paragraph 48, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

49. In answer to paragraph 49, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

50. In answer to paragraph 50, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

51. In answer to paragraph 51, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

52. In answer to paragraph 52, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

53. In answer to paragraph 53, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

54. In answer to paragraph 54, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

**Affirmative Defenses**

THE DEFENDANT, East Side Ovens, Inc., by its attorney, Michael T. Hopkins, as and for Affirmative Defenses to the Complaint of Plaintiffs, Brandeis University and GFA Brands, Inc., alleges and shows to the Court as follows, to wit:

1. East Side Ovens, Inc. has not infringed either of U.S. Patents Nos. 5,843,497 or 6,630,192.

2. Plaintiffs provided no notice to East Side Ovens, Inc. of the patented status of any products, methods or other things at issue in this litigation prior to the filing thereof, and as such Plaintiffs' entitlement to damages, if any, is extinguished or limited pursuant to 35 U.S.C. § 287.

3. Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by application of the first sale doctrine.

4. Upon information and belief, Plaintiffs have failed to join all necessary and proper parties to this litigation.

WHEREFORE, the Defendant, East Side Ovens, Inc., hereby demands that judgment be entered in its favor and against Plaintiffs, Brandeis University and GFA Brands, Inc., dismissing their Complaint and awarding Defendant its taxable costs and disbursements herein, including its reasonable attorney fees and such other relief as the Court deems just and equitable.

Dated this 30th day of September, 2011.

**EAST SIDE OVENS, INC. DEMANDS A TRIAL BY JURY**

/s/ Michael T. Hopkins .

Michael T. Hopkins,
attorney for Defendant,
East Side Ovens, Inc.

SBN: 1014792
email: mth@hmclaw.com

Hopkins McCarthy LLC
757 N. Broadway, Suite 201
P.O. Box 510138
Milwaukee, WI 53203

Tel/Fax: 866-735-0515