UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDEIS UNIVERSITY and
GFA BRANDS, INC.,

Plaintiffs,

Case No. 3:11-CV-00619

v.

EAST SIDE OVENS, INC. et al,

Defendants.

---

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT VOORTMAN COOKIES, LTD.**

---

Defendant Voortman Cookies Ltd. by its attorneys Mark M. Leitner and Benjamin R. Prinsen of Kravit, Hovel & Krawczyk, s.c., responds to the plaintiffs' complaint as follows:

***1. Plaintiff Brandeis University ("Brandeis") is a University established in the Commonwealth of Massachusetts with its principal place of business at 415 South Street, Waltham, MA 02453.***

1. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

***2. Plaintiff GFA Brands, Inc. ("GFA Brands") is a Delaware corporation with its principal place of business at 115 West Century Road, Suite 260, Paramus, NJ 07652.***

2. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

***3. On information and belief, Defendant East Side Ovens, Inc. ("East Side Ovens") is a Wisconsin corporation with its principal place of business at 2899 South Kinnickinnic Avenue, Milwaukee, WI 53207.***

3. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

***4. On information and belief, Defendant Keebler Co. ("Keebler") is a Delaware corporation with its principal place of business at 633 Larch Avenue, Elmhurst, Il 60126.***

4. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them.

***5. On information and belief, Defendant Famous Amos Chocolate Chip Cookie Company, LLC ("Famous Amos") is a Delaware limited liability company with its principal place of business at 1 Kellogg Square, Battle Creek, MI 49016.***

5. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

***6. On information and belief, Defendant Murray Biscuit Co. LLC ("Murray") is a Delaware limited liability company with its principal place of business at 1550 Marvin Griffin Road, Atlanta, GA 30906.***

6. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

***7. On information and belief, Defendant Voortman Cookies Ltd. ("Voortman") is a corporation organized and existing under the laws of Canada with its principal place of business at 4475 North Service Road, Burlington, ON L7L4X7.***

7. Admits.

***8. On information and belief, Defendant Bremner Food Group, Inc. ("Bremner") is a Nevada corporation with its principal place of business at 800 Market Street, St. Louis, MO 63101.***

8. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.

***9. On information and belief, Defendant Wessanen U.S.A., Inc. ("Wessanen") is a Delaware corporation with its principal place of business at One Daily Way, Verona, PA 15147.***

9. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies them.

***10. On information and belief, Defendant Cookie Specialties, Inc. ("Cookie Specialties") is an Illinois corporation with its principal place of business at 482 Milwaukee Avenue, Wheeling, IL 60090.***

10. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

***11. On information and belief, Defendant Topco Associates, LLC ("Topco") is a Delaware limited liability company with its principal place of business at 7711 Gross Point Road, Skokie, IL 60077.***

11. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

***12. On information and belief, Defendant The Pillsbury Company, LLC ("Pillsbury") is a Delaware limited liability company with its principal place of business at number One General Mills Boulevard, Minneapolis, MN 55426.***

12. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

***13. On information and belief, Defendant Unilever United States, Inc. ("Unilever") is a Delaware corporation with its principal place of business at 700 Sylvan Avenue, Englewood Cliffs, NJ 07632.***

13. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

***14. On information and belief, Defendant Conopco, Inc. ("Conopco") is a New York corporation with its principal place of business at 700 Sylvan Avenue, Englewood Cliffs, NJ 07632.***

14. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

***15. On information and belief, Defendant Nestle USA, Inc. ("Nestle") is a Delaware corporation with its principal place of business at 800 North Brand Boulevard, Glendale, CA 91203.***

15. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

***16. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq. This Court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).***

16. The allegations of Paragraph 16 state legal conclusions to which no response is required; to the extent a response is required, denies.

***17. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in the State of Wisconsin and within the Western District of Wisconsin. Defendants make, import, sell, offer to sell, and/or induce the sale of various infringing products, directly or through intermediaries, in or into Wisconsin and this judicial District, thereby causing injury and damages in Wisconsin and this judicial District which may result from acts committed outside Wisconsin or the District, including but not limited to utilizing their own established distribution channels or distribution channels of an intermediary to market and sell infringing products in Wisconsin and this District. In conducting their business in Wisconsin and this judicial District, Defendants derive substantial revenue from infringing products being sold used or consumed in Wisconsin and this District, and will continue to do so unless enjoined by this Court.***

17. This answering defendant denies the allegations in Paragraph 17 as to it; with respect to the remaining allegations, lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies.

***18. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b) because, on information and belief, the accused acts of direct infringement occur in this District, as Defendants make or import infringing products in or into this District, and/or sell, offer to sell and/or induce the sale***

18. The allegations of Paragraph 18 state legal conclusions to which no response is required; to the extent a response is required, denies.

***19. Paragraphs 1 – 18 are incorporated by reference as if set forth here in full.***

19. Realleges its responses to Paragraphs 1 – 18 as if set forth in full.

***20. United States Patent No. 5,843,497 (the '497 Patent"), entitled "Increasing the HDL Level in the HDL/LDL Ratio in Human Serum by Balancing Saturated and***

***Polyunsaturated Dietary Fatty Acids," properly issued on December 1, 1998. A true and correct copy of the '497 Patent is attached as Exhibit A hereto.***

20. The '497 Patent speaks for itself, and Voortman therefore denies all allegations of Paragraph 20 inconsistent therewith. Lacks information sufficient to form a belief whether the '497 patent "properly issued" and therefore denies.

***21. Legal title to the '497 Patent is held by Brandeis. Brandeis has made significant investment in researching and developing the '497 Patent.***

21. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

***22. Brandeis granted a worldwide, sole and exclusive license under the '497 Patent, with the right to sublicense, to GFA Brands. This license grants GFA Brands the right to sue for infringement of the '497 Patent.***

22. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

***23. United States Patent No. 6,630,192 ("the '192 Patent"), entitled "Increasing the HDL Level in the HDL/LDL Ratio in Human Serum by Balancing Saturated and Polyunsaturated Dietary Fatty Acids," properly issued on October 7, 2003 with a, Ex Parte Reexamination Certificate issued September 19, 2006. A true and correct copy of the '192 Patent is attached as Exhibit B hereto. The '192 Patent is in the same patent family as the '497 Patent.***

23. The '192 Patent speaks for itself and Voortman therefore denies all allegations of Paragraph 23 inconsistent therewith. Lacks information sufficient to form a belief whether the '192 patent "properly issued" and therefore denies.

***24. Legal title to the '192 Patent is held by Brandeis. Brandeis has made significant investment in researching and developing the '192 Patent.***

24. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

***25. Brandeis granted a worldwide, sole and exclusive license of the '192 Patent, with the right to sublicense, to GFA Brands. This license grants GFA Brands the right to sue for infringement of the '192 Patent.***

25. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

***26. The claimed inventions in the '497 and '192 Patents (collectively, the "Patents-in-Suit") are directed to fats and fat blends that decrease low-density lipoprotein cholesterol (LDL) and increase high-density lipoprotein cholesterol (HDL) in the human serum. This adjustment of the LDL/HDL ratio by the claimed inventions in the Patents-in-Suit results in significant health benefits.***

26. The '497 Patent and '192 Patent speak for themselves and Voortman therefore denies all allegations of Paragraph 26 inconsistent therewith.

***27. Since GFA Brands acquired sole exclusive licenses under the '497 and '192 Patents, GFA Brands has made significant investment in researching, developing, and marketing products that embody the inventions of the '497 and '192 Patents.***

27. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

***28. On information and belief, one or more Defendants make, use, sell, offer to sell, import, have made, used, sold, offered to sell and/or imported products that infringe or have infringed the '497 and/or '192 Patents.***

28. Voortman denies the allegations of Paragraph 28 with respect to its own conduct; with respect to the conduct of the other defendants, Voortman lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies.

***29. On information and belief, one or more Defendants buy products that infringe the Patents-in-Suit from common sources and use these infringing products in the manufacture of their products. All of these infringing acts severely undermine Plaintiffs' significant investment in the inventions of the Patents-in-Suit, all to Plaintiffs' detriment.***

29. Voortman denies the allegations of Paragraph 29 with respect to its own conduct; with respect to the conduct of the other defendants, Voortman lacks information

sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies.

***30. As a result, Plaintiffs bring this action to seek damages and injunctive relief arising out of Defendants' infringing acts.***

30. The allegations of Paragraph 30 state legal conclusions to which no response is required; to the extent a response is required, denies.

***31. Paragraphs 1-30 are incorporated by reference as if set forth herein full.***

31. Realleges its responses to Paragraphs 1 – 30 as if set forth in full.

***32. On information and belief, East Side Ovens' manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as East Side Ovens Cranberry Orange Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

32. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

***33. On information and belief, Keebler's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Chips Deluxe Chocolate Lovers Cookies, Chips Deluxe Oatmeal Chocolate Chip Cookies, and Chips Deluxe Rainbow Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

33. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

***34. On information and belief, Famous Amos' manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Bite Size Chocolate Chip & Pecans Cookies and Chocolate Chip Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

34. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies them.

***35. On information and belief, Murray's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Murray Sugar Free Chocolate Chip Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

35. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies them.

***36. On information and belief, Voortmans' manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Fudge Striped Oatmeal Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

36. Denies.

***37. On information and belief, Bremner's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, Rippin' Good® Vanilla Wafers and Rippin' Good® Animal Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

37. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them.

***38. On information and belief, Wessanen's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, crackers sold as Baker's Row Mini Oyster Crackers, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

38. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

***39. On information and belief, Cookie Specialties' manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Matt's® Oatmeal Raisin Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

39. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

***40. On information and belief, Topco's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as ShurFine® Vanilla Wafers and ShurFine® Animal Crackers, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

40. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies them.

***41. On information and belief, Pillsbury's manufacture, use, sale, offer for sale and/or importation into the United States of certain dough products and products used in making such dough products, including, but not limited to, dough products sold as Grands Flaky Layers Reduced Fat Biscuits and Reduced Fat Crescent Rolls, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

41. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies them.

***42. On information and belief, Nestlé's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies, cookie doughs, and products used in making such cookies and doughs, including, but not limited to, cookie sold as Tollhouse Chocolate Chip Cookie Dough, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

42. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies them.

***43. Plaintiffs complied with 35 U.S.C. § 287 by providing the defendants identified above with actual and/or constructive notice of their infringement.***

43. Denies.

***44. The infringing activities described above violate one or more subsections of 35 U.S.C. § 271.***

44. Denies.

***45. If the activities by the defendants identified above are not enjoined, Plaintiffs will suffer irreparable harm that cannot be adequately compensated by a monetary award.***

45. Denies.

***46. Plaintiffs have suffered economic harm as a result of the infringing activities described above in an amount to be proven at trial.***

46. Denies.

***47. Paragraphs 1 – 30 are incorporated by reference as if set forth here in full.***

47. Realleges its responses to Paragraphs 1 – 46 as if set forth in full.

***48. On information and belief, Unilever's and Conopco's manufacture, use, sale, offer for sale and/or importation into the United States of certain products, including, but not limited to, spreads sold as Promise Buttery Spread, constitutes infringement of at least Claim 1 of the '192 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

48. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies them.

***49. On information and belief, Keebler's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Vanilla Wafers and Mini Vanilla Wafers, constitutes infringement of at least Claim 1 of the '192 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

49. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

***50. On information and belief, Brenner's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Rippin® Good Vanilla Wafers, constitutes infringement of at least Claim 1 of the '192 Patent, either directly or indirectly, literally or under the doctrine of equivalents.***

50. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies them.

***51. Plaintiffs complied with 35 U.S.C. § 287 by providing Unilever, Conopco, Keebler and Bremner with actual and/or constructive notice of their infringement.***

51. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies them.

***52. Unilever's, Conopco's, Keebler's and Bremner's activities violate one or more subsections of 35 U.S.C. § 271.***

52. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies them.

***53. If Unilever's, Conopco's, Keebler's and Bremner's infringing activities are not enjoined, Plaintiffs will suffer irreparable harm that cannot be adequately compensated by a monetary award.***

53. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies them.

***54. Plaintiffs have suffered economic harm as a result of Unilever's, Conopco's, Keebler's and Bremner's infringing activities in an amount to be proven at trial.***

54. Lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies them.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

2. Upon information and belief, plaintiff's claims against this answering defendant are barred because the claims of the '497 Patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

3. Upon information and belief, plaintiffs' claim may be barred by the doctrine of estoppel.

4. Upon information and belief, plaintiffs' claim may be barred by the doctrine of waiver.

5. Upon information and belief, plaintiffs' claim may be barred by the doctrine of laches.

6. Plaintiffs may have failed to mitigate their damages, if any.

7. To the extent that plaintiffs may prove an entitlement to damages, such damages are limited by 35 U.S.C. § 287 to only those damages occurring after notice of infringement.

8. Voortman reserves all affirmative defenses under Fed. R. Civ. P. 8(c), the patent laws of the United States, and any other defenses, at law or on equity, that may now exist or in the future be available based on discovery and further factual investigation in this matter.

WHEREFORE, defendant Voortman Cookies Ltd. demands that the plaintiffs' complaint be dismissed upon its merits and with prejudice, that it be granted its fees and expenses in defending against this action, and such other and further relief as this Court deems proper.

Dated: October 13, 2011

KRAVIT HOVEL & KRAWCZYK S.C.

*s/ Mark M. Leitner*
Mark M. Leitner, Esq.
825 North Jefferson Street, Suite 500
Milwaukee, Wisconsin 53202
Telephone: (414) 271-7100
Facsimile: (414) 271-8135
mml@kravitlaw.com
*Attorney for Defendant Voortman Cookies Ltd.*