UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

BRANDEIS UNIVERSITY, et al.,

Plaintiffs,

Case No: 3:11-CV-619-bbc

vs.

EAST SIDE OVENS, INC.,et al.,

Defendants.

***ANSWER AND AFFIRMATIVE DEFENSES OF EAST SIDE OVENS, INC. TO PLAINTIFFS' AMENDED COMPLAINT***

**Answer**

THE DEFENDANT, East Side Ovens, Inc., by its attorney, Michael T. Hopkins, as and for an answer to the Amended Complaint of the Plaintiffs, Brandeis University and GFA Brands, Inc., admits, denies and alleges to the Court as follows, to wit:

1. In answer to paragraph 1, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

2. In answer to paragraph 2, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

3. In answer to paragraph 3, Defendant admits the allegations contained therein.

4. In answer to paragraph 4, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

5. In answer to paragraph 5, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

6. In answer to paragraph 6, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

7. In answer to paragraph 7, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

8. In answer to paragraph 8, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

9. In answer to paragraph 9, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

10. In answer to paragraph 10, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

11. In answer to paragraph 11, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

12. In answer to paragraph 12, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

13. In answer to paragraph 13, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

14. In answer to paragraph 14, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

15. In answer to paragraph 15, Defendant admits the allegations contained therein.

16. In answer to paragraph 16, Defendant denies it has infringed either of the patents in suit, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 16, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

17. In answer to paragraph 17, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

18. In answer to paragraph 18, Defendant realleges and incorporates, as if fully set forth herein, each and every admission, denial and allegation contained in paragraphs 1 through 17, supra.

19. In answer to paragraph 19, Defendant admits a copy of the '497 patent is attached to Plaintiffs' Amended Complaint as Exhibit A; denies it is entitled "Increasing the HDL Level in the HDL/LDL Ratio in Human Serum by Balancing Saturated and Polyunsaturated Dietary Fatty Acids," and affirmatively alleges that said patent is entitled "Increasing the HDL Level ***and*** the HDL/LDL Ratio in Human Serum by Balancing Saturated and Polyunsaturated Dietary Fatty Acids;" that with regard to the remaining allegations of paragraph 19, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

20. In answer to paragraph 20, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

21. In answer to paragraph 21, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

22. In answer to paragraph 22, Defendant admits a copy of the '192 patent is attached to Plaintiffs' Amended Complaint as Exhibit B; denies it is entitled "Increasing the HDL Level in the HDL/LDL Ratio in Human Serum by Balancing Saturated and Polyunsaturated Dietary Fatty Acids," and affirmatively alleges that said patent is entitled "Increasing the HDL Level ***and*** the HDL/LDL Ratio in Human Serum by Balancing Saturated and Polyunsaturated Dietary Fatty

Acids;" that with regard to the remaining allegations of paragraph 22, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

23. In answer to paragraph 23, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

24. In answer to paragraph 24, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

25. In answer to paragraph 25, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

26. In answer to paragraph 26, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

27. In answer to paragraph 27, Defendant denies it has infringed either of the patents in suit, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 27, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

28. In answer to paragraph 28, Defendant denies it has induced or is inducing others to infringe either of the patents in suit, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 28, Defendant lacks information or knowledge sufficient to

form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

29. In answer to paragraph 29, Defendant denies it has infringed either of the patents in suit, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 29, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

30. In answer to paragraph 30, Defendant denies it has infringed either of the patents in suit, as alleged therein or otherwise; and further denies that it is liable or indebted to Plaintiffs, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 30, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

31. In answer to paragraph 31, Defendant realleges and incorporates, as if fully set forth herein, each and every admission, denial and allegation contained in paragraphs 1 through 30, supra.

32. In answer to paragraph 32, Defendant denies it has infringed the ‘497 patent, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 32, Defendant denies them.

33. In answer to paragraph 33, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

34. In answer to paragraph 34, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

35. In answer to paragraph 35, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

36. In answer to paragraph 36, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

37. In answer to paragraph 37, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

38. In answer to paragraph 38, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

39. In answer to paragraph 39, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

40. In answer to paragraph 40, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

41. In answer to paragraph 41, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

42. In answer to paragraph 42, Defendant admits that it first received notice of Plaintiffs' claims of infringement upon receipt of service of process of the Complaint in this litigation; that with regard to the remaining allegations of paragraph 42, Defendant lacks information or knowledge sufficient to form a belief as to the truth of same and therefore denies them, putting Plaintiffs to their strict proof thereof.

43. In answer to paragraph 43, Defendant denies it has infringed the '497 patent, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 43, Defendant denies them.

44. In answer to paragraph 44, Defendant denies each and every allegation contained therein.

45. In answer to paragraph 45, Defendant denies each and every allegation contained therein.

46. In answer to paragraph 46, Defendant realleges and incorporates, as if fully set forth herein, each and every admission, denial and allegation contained in paragraphs 1 through 30, supra.

47. In answer to paragraph 47, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

48. In answer to paragraph 48, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

49. In answer to paragraph 49, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

50. In answer to paragraph 50, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

51. In answer to paragraph 51, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

52. In answer to paragraph 52, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

53. In answer to paragraph 53, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, putting Plaintiffs to their strict proof thereof.

**Affirmative Defenses**

THE DEFENDANT, East Side Ovens, Inc., by its attorney, Michael T. Hopkins, as and for affirmative defenses to the Amended Complaint of Plaintiffs, Brandeis University and GFA Brands, Inc., alleges and shows to the Court as follows, to wit:

1. East Side Ovens, Inc. has not infringed either of U.S. Patents Nos. 5,843,497 or 6,630,192.

2. Plaintiffs provided no notice to East Side Ovens, Inc. of the patented status of any products, methods or other things at issue in this litigation prior to the commencement thereof, and as such Plaintiffs' entitlement to damages, if any, is extinguished or limited pursuant to 35 U.S.C. § 287.

3. Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by application of the first sale doctrine.

4. Upon information and belief, Plaintiffs have failed to join all necessary and proper parties to this litigation.

5. Upon information and belief, one or more of Plaintiffs' patents are invalid as lacking novelty or as being obvious in light of the prior art.

WHEREFORE, the Defendant, East Side Ovens, Inc., hereby demands that judgment be entered in its favor and against Plaintiffs, Brandeis University and GFA Brands, Inc., dismissing their Amended Complaint and awarding Defendant its taxable costs and disbursements herein, including its reasonable attorney fees and such other relief as the Court deems just and equitable.

Dated this 9th day of February, 2012.

/s/ Michael T. Hopkins .

Michael T. Hopkins,
attorney for Defendant,
East Side Ovens, Inc.

SBN: 1014792
email: mth@hmclaw.com

Hopkins McCarthy LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202

Tel/Fax: 866-735-0515